UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET CONNELL,<br>        Plaintiff,<br>-v-<br>BURLINGTON COAT FACTORY et al.,<br>        Defendants. | 21 Civ. 7495 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On November 3, 2021, the Court held an initial pretrial conference in this case and, by separate order, issued a case management plan ("CMP"). Dkt. 12. The CMP required the parties to submit requests for the production of documents by December 3, 2021, and for fact discovery to complete by March 2, 2022. *Id.* On February 4, 2022, plaintiff Margaret Connell belatedly served on defendants her first demand for production of documents, requesting, *inter alia*, "any and all accident reports relevant to this action." Dkt. 19 at 14. On March 4, 2022, defendants responded to Connell's requests, objecting to the accident report demand, in relevant part, on the ground that it sought "the investigatory claim file prepared by Burlington's risk manager and insurance TPA, or attorneys, as same was prepared in anticipation of litigation and so is protected from discovery by the attorney-client privilege and/or work-product immunity." *Id.*

On April 4, 2022, the Court held a case management conference. At the conference—it being apparent that the parties had not timely completed discovery—the Court extended the deadline for the close of fact discovery to May 2, 2022. Dkt. 15. By separate order, the Court referred the case to a settlement conference before the Hon. Magistrate Judge Sarah L. Cave, which has since been scheduled for April 21, 2022. Dkt 16. The Court also instructed the parties to submit letter briefing on an outstanding discovery dispute regarding defendants'

withholding certain accident reports identified in their Rule 26 disclosures but not produced. On April 5, 2022, defendants filed their letter brief on the issue, Dkt. 17, and, via email, separately submitted to the Court for *in camera* review two withheld documents. On April 7, 2022, Connell submitted her opposition letter brief. Dkt. 19. On April 8, 2022, defendants replied. Dkt. 20.

Connell moves to compel production of two documents she styles "accident reports": "(1) a Burlington Customer Accident Alert email dated 8/11/2018; and (2) a Burlington Stores, Inc. Netclaim General Liability Report." Dkt. 19 at 2. From the Court's *in camera* review, it appears that the accident reports are included within a document that defendants entitle "GB Combined File." Defendants argue that the documents were prepared in anticipation of litigation by their third-party insurance adjuster ("TPA"), and therefore are not discoverable. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.")).

"In order to be protected as work product, the materials must be (1) documents or tangible things, (2) that were prepared in anticipation of litigation, and (3) were prepared by or for a party, or by or for his representative." *Tech. Ins. Co., Inc. v. Philadelphia Indem. Ins. Co.*, No. 21 Civ. 7387 (LJL), 2022 WL 624556, at *2 (S.D.N.Y. Mar. 3, 2022) (quotations and citations omitted) (emphasis in original). "In determining whether claims files qualify for work product protection, it is necessary to distinguish between 'documents prepared in the ordinary course of the insurer's business (which by its nature, involves claim investigation and analysis) and documents prepared "in anticipation of litigation."'" *Tudor Insurance Company v. McKenna Associates*, No. 01 Civ. 0115 (DAB) (JCF), 2003 WL 21488058, at *3 (S.D.N.Y. June 25, 2003) (quoting *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*, No. 00 Civ. 9212 (DF),

2002 WL 31729693, at *4 (S.D.N.Y. Dec. 5, 2002)). The Second Circuit has "established a test to determine whether documents should be deemed prepared 'in anticipation of litigation' and therefore subject to work-product protection":

> A document will be protected if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Conversely, protection will be withheld from "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation."

*Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (citations omitted)).

To defendants' credit, the broader context of the *in camera* submissions suggests that the bulk of the withheld materials were prepared with an eye toward litigation. For instance, numerous sections of the "GB Claim Notes" file discuss defendants' likelihood of liability, and the expected claim and settlement values. Insofar as Connell seeks such documents, defendants rightly withhold them. *See Tech. Ins. Co.*, 2022 WL 624556, at *3 (denying motion to compel production of insurance company's materials containing mental impressions, opinions, and conclusions prepared in anticipation of litigation in underlying action, and relating to insured's liability and potential defense strategies).

But the two documents on which Connell moves—the "accident reports" found within the "GB Combined File"—are not so protected. The reports on their face do not seem to have been prepared by the TPA itself. And they present as standard accident reports generated the same day Connell had the accident underlying this personal injury case—well before defendants could have been on notice of the instant lawsuit. The documents clinically describe the accident and set out basic information regarding its circumstances, such as its location and the surrounding conditions. They do not reveal mental impressions, opinions, conclusions, or legal

3

theories concerning this litigation. Thus, it appears, the accident reports would have been generated regardless of the prospect of this litigation, and they lack the content that ordinarily triggers work-product protection. *See United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74–75 (S.D.N.Y. 2020) (quoting *United States v. Adlman*, 134 F.3d 1194, 1202–04 (2d Cir. 1998)) ("[E]ven where '[t]here is little doubt under the evidence that [a party] had the prospect of litigation in mind when it directed the preparation of the' documents, or that 'such documents might also help in preparation for litigation,'" the protection does not reach documents "that would have been created in essentially similar form irrespective of litigation."); *Tower 570 Co. LP v. Affiliated FM Ins. Co.*, No. 20 Civ. 799 (JMF), 2021 WL 1222438, at *4–6 (S.D.N.Y. Apr. 1, 2021) (conducting document-by-document analysis in finding some, but not all, documents in a third-party report submitted for *ex parte* review non-discoverable work product). The work-product protection therefore does not shield the accident reports, which are clearly germane to this case, from disclosure. The Court grants Connell's motion to compel their production. Defendants are to promptly produce to Connell pages 3 through 12 of the 59-page PDF document entitled "GB Combined File."

For avoidance of doubt, the Court does not order defendants to produce any of the remaining materials it submitted for *in camera* review—and it does not appear that Connell sought their production. *See* Dkt. 19 at 2 ("[W]e have not specifically demanded the claim file created by [TPA] Gallager Bassett."). The Court accordingly denies as moot Connell's additional request that defendants submit a revised privilege log specifying in greater detail the withheld documents. *See id.* at 3 (requesting revised privilege log in light of extant log's failure to identify, with specificity, the accident reports).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 13, 2022
New York, New York